UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Gwendolyn Carter, <br><br> Plaintiff, <br><br> v. <br><br> Atlas Collections, Inc., <br><br> Defendant. | Civil Action No: 1:20-cv-2685 <br><br><br> **COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

**INTRODUCTION**

1. This is an action for actual damages, statutory damages, legal fees and expenses for the improper and illegal actions and conduct of Atlas Collections, Inc., whose actions and conduct are in direct violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as the "FDCPA")

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C § 1331 and pursuant to 15 U.S.§ 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

4. Plaintiff resides in this Judicial District.

**PARTIES**

5. Plaintiff, Gwendolyn Carter, ("Plaintiff"), is a natural person and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is "any person" as the term is used in 15 U.S.C. § 1692d preface.

7. Defendant, Atlas Collections, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 7701 W. Kilgore Ave, Suite 3, Yorktown, IN 47396, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is a debt collection agency and/or debt purchaser and is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

9. Defendant regularly collects or attempts to collect, directly, or indirectly, debts owed of due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

10. Defendant is a debt collection agency attempting to collect a debt from the Plaintiff.

11. Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

12. The debt owed by Plaintiff went into default.

13. After the debt went into default the debt was placed or otherwise transferred to Defendant for collection.

14. Plaintiff disputes the debt.

15. Plaintiff requests that the Defendant cease all further communication on the debt.

16. Defendant's collector(s) were employee(s) and/or representative(s) of Defendant at all times mentioned herein.

17. Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

18. Plaintiff retained Sawin & Shea, LLC., for legal representation regarding the Plaintiff's debts.

19. On April 27, 2017, Plaintiff filed for bankruptcy protection under Title 11, Chapter 13, of the United States Code, bankruptcy case number: 17-03089-JMC.

20. The filing of Plaintiff's bankruptcy case created an automatic stay that prohibited any further contact by the creditors of Plaintiff.

21. On January 24, 2019, Plaintiff filed a Notice of Conversion to Chapter 7 Bankruptcy. *See Exhibit "2" attached hereto.*

22. Plaintiff, by counsel, filed a Schedule of Post-Petition Debts. *See Exhibit "3" attached hereto.*

23. Creditor Fairbanks Hospital was properly listed on the Schedule of Post-Petition Debts and was served in accordance with the certificate of service. *See Exhibit "3" attached hereto.*

24. The notice of Post-Petition Debts included a minor typographical error listing the creditor as Fiarbanks Hospital.  The address and zip code were correct.

25.  Fairbanks Hospital did not file a claim in Plaintiff's Chapter 7 Bankruptcy Case.

26. Fairbanks Hospital had no legal bases to object to Plaintiffs' Chapter 7 discharge and the medical bill in question.

27. Fairbanks Hospital had no legal bases for any exception to discharge under 11 USC §523.

28. On April 24, 2019, after a No-Asset Report was filed, Plaintiff received a Chapter 7 discharge of her debts.

29. On or around April 27, 2019, the Bankruptcy Noticing Center sent Fairbanks Hospital a copy of the Discharge Order, including an Explanation of Bankruptcy Discharge in a Chapter 7 Case. *See Exhibit "4" attached hereto.*

30. At some point after Discharge, Fairbanks Hospital transferred Plaintiff's account to Defendant to initiate collection activities.

31. On or around October 16, 2019, Plaintiff received a two-page dunning letter from Defendant in an attempt to collect the alleged debt. *See Exhibit "5" attached hereto.*

32. The October 16, 2019 two-page dunning letter states that Plaintiff owes a balance of $272.00 under account number XXX400. *See Exhibit "5" attached hereto.*

33. The October 16, 2019 two-page dunning letter also states that Plaintiff owes a balance of $1805.40 under account number XXX400. *See Exhibit "5" attached hereto.*

34. The October 16, 2019 two-page dunning letter sent by Defendant does not have an account listed for the original creditor, Fairbanks Hospital. *See Exhibit "5" attached hereto.*

35. As the debt to Fairbanks Hospital was discharged on April 24, 2019, there is no conceivable or legal reason for Defendant to send dunning letters to Plaintiff in an attempt to collect a debt, other than to harass and demand payment from Plaintiff.

36. On March 2, 2020, Plaintiff send a draft copy of a draft FDCPA complaint to Defendant by certified mail.

37. The draft Complaint specifically notified Defendant of Plaintiff's No-Asset Chapter 7 Bankruptcy Discharge of Fairbanks Hospital's liability.

38. In an attempt to resolve the Fair Debt Collection Practices Act violation counsel for Plaintiff had ongoing discussions from March 27, 2020 through May 20, 2020 with counsel for Defendant, Matthew L. Kelsey.

39. On June 16, 2020, after providing actual notice of the Chapter 7 Discharge to Defendant and its counsel and while Plaintiff was represented by counsel, Plaintiff received another dunning letter from Defendant in the amount of $1100.00 under account number XXX400 . *See Exhibit "6" attached hereto.*

40. Defendant's dunning letter did not provide any claim stating an exception to the Bankruptcy Discharge.

41. On July 28, 2020, after providing actual notice of the Chapter 7 Discharge to Defendant and its counsel and while Plaintiff was represented by counsel, Plaintiff received another dunning letter from Defendant in the amount of $1100.00 under account number XXX5695. *See Exhibit "7" attached hereto.*

42. Defendant's dunning letter did not provide any claim stating an exception to the Bankruptcy Discharge.

43. Pursuant to *Taggart v. Lorenzen*, 139 S Ct. 1795 (2019), there is no fair ground of doubt that the debt owed to Fairbanks Hospital was discharged in Plaintiffs Chapter 7 Bankruptcy.

44. Defendant has made multiple attempts to collect a debt it was legally enjoined from collecting.

45. Defendant has made multiple attempts to collect a debt from Plaintiff when it knew Plaintiff was represented by counsel.

46. Defendant intended to mislead Plaintiff by stating two different amounts owed to one account number.

47. Defendant misrepresented the legal status of the debt by sending dunning letters to Plaintiff when it knew the debt was discharged in bankruptcy.

48. Defendant has pursued used unfair collection practices by sending dunning letters to Plaintiff when it knew collection of the debt was not permitted by law.

49. Plaintiff suffered extreme anxiety and frustration directly related to the Defendant's conduct.

## COUNT ONE
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as through fully stated herein.

51. Defendant violated 15 U.S.C. § 1692c by attempting to collect a debt directly from Plaintiff when it knew Plaintiff was represented by counsel.

52. Defendant violated 15 U.S.C. § 1692e by engaging in conduct that used false as misleading representations as to the legal status of any debt.

53. Defendant's conduct violated 15 U.S.C. § 1692d by engaging in the natural consequences of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

54. Defendant's conduct violated 15 U.S.C. § 1692f by engaging in unfair means to collect a debt from Plaintiff when it knew Plaintiff was represented by counsel and the debt had been discharged in bankruptcy.

55. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000, attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court grant the following:

1. A finding that Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury of all issues to triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 15, 2020

Respectfully Submitted,

By: /s/Thomas E. Irons

Thomas E. Irons, Esq., # 19822-49
Sawin & Shea, LLC.
Attorneys for Plaintiff
6100 N. Keystone Avenue, Suite 620
Indianapolis, IN 46220
Telephone: (317) 255-2600
Facsimile: (317) 255-2905
E-mail: tirons@sawinlaw.com